May it please the Court, Counsel.  I'd like to start off this morning with a line from the government's brief, actually, because I find myself in complete agreement with it. And it's from page 10, and that is, the only statutory provision which requires detailed findings is 3161H7. And again, I am in complete agreement with that. And that is required. And that is something that was not done in this case. In this case, we not only don't have detailed findings, we don't have actual findings at all. Are you talking about the equal ends of justice section? Yes, I'm talking about document 106. Complete findings, that's not what our cases say. A reasonable explanation, but what's this complete findings? Detailed findings, Your Honor. Pardon? Detailed findings, Your Honor, that H7 requires detailed findings. And I, that, they do require. You're not talking about the explanation? I guess I got to get the statute out. I thought H7 was the ends of justice. It is, the ends of justice. All we require is a sufficient explanation, almost no explanation. So what's this detailed findings? I'm not tracking. It is. What findings? From Blody, the U.S. Supreme Court, when this court was reversed in 2011 on the H7 issue, they require detailed findings if you want to make an H7, if a district court wants to make an H7 continuance. I do believe that is the law and that is what's required. Where is that in the Supreme Court case? Because the statute, of course, just requires that the court state its reasons, either orally or in writing, for finding the ends of justice are served. And so the Supreme Court, you say, has a different standard than we've been applying, and that is that the findings need be detailed. What case is that and what page? I believe that comes from Blody. But that is also in the government's brief, that the statutory requirement 3161 requires detailed findings if you would like to make an H7 continuance. I think that this Court in the past has affirmed less detailed findings. I think that the most bare-bones finding that this Court, H7 findings this Court has affirmed, is from State v. or U.S. v. Lucas, which is 499F3rd769. But the finding there was that a failure to grant a continuance would result in a miscarriage of justice. And that does reference one of the factors. In this case, we don't have any reason on the record as to why the continuance was granted. It's simply a — it's not even an order. It's just a text entry in PACER. Well, sometimes the context makes it pretty clear. The context of the continuance? Yeah. Well, the reason why — I mean, if the judge is — it's a series of continuances, right? And the judge keeps saying — keeps reassessing the need, but not without the kind of speech you want. I don't understand. Your argument, it seems to me, has just got me off on a tangent. Well, the order in this case, when the continuance was granted, just says, based on the ends of justice, the deadlines and trial date are canceled, pending resolution of the motion to suppress and motion to dismiss. That's nothing new. That doesn't give any reason, Your Honor. The statute itself requires reasons. That just restates the statute. If the proceedings and the face of the request demonstrate what — and that the request is within a permissible, excludable exclusion, it says, I find the ends of justice are satisfied here. I didn't — I mean, no request was made by any party. That should be presented in your statement of issues, frankly. I don't know. I'm looking at Blotin. The only thing I'm seeing is that the district court must make certain findings enumerated in the statute. I'm not seeing where it says that they have to be detailed. And if so, what kind of detail are we talking about? I would say that the detail we're talking about, the court at least has to reference subparagraph 7B, one of the factors, one of the four factors that are listed there. And in all this case, previous case law, where there have affirmed, there has been at least a reference to one of those factors. And we don't have that here. We just have a restatement of the statute without any reasons given. Bonilla-Filamino and Lucas both. What circuit cases adopted this approach? Apparently we haven't. Well, I believe that Blotin makes clear, that Justice Thomas makes clear in Blotin that H7 findings do need to be specific. I don't even see Blotin in your table of authorities. Specific findings are required under H7, Your Honor. Well, is it? And merely restating the statute doesn't suffice. The statute itself says that the court. What circuit court has said that? Well, the statute itself says that they must give a reason. Is the answer none that you know of? So, I mean, you can make an argument that has no direct authorities, but say that. I asked you what circuit court has adopted exactly what you're stating this morning. The specific findings need to be made for H7? And that what was said here didn't get it done. All of them, Your Honor. My position is that all of them have. That there has been, there's never been a case that has been with this bare bones of findings. It's whatever articulated it this way. I think in. You have to have detailed findings in just saying the statutory requirements are met is not enough. Yes, I think Bonilla-Filamino, Lucas, Blotin on remand, I think all of those cases stand for that proposition. None of them. This Court has never affirmed a case where the district court simply restated the statute and said that's why I'm granting the continuance. The statute requires that the court put reasons on the record, either orally or in writing. It says it right there in the statute. There are no reasons given here. They just restated, the court just restated that the ends of justice are served. And they don't have, those findings don't have to be made contemporaneously. The court could have come in three, four months later and put those findings on the record. But in this case, they did not. They came in 11 months later and they just doubled down. And they said something that this Court can't abide by. And that is that that document 106, they said those findings are adequate H-7 findings. They are not adequate H-7 findings. And this Court cannot allow that to stand. So once the motion to dismiss is made, this is the argument, is that the court needs to make findings that are adequate to explain the continuances. Right? And here they are somewhat conclusory. Now, I think we do have some cases where we've looked at the record beyond that to see if it's apparent in the record what the basis were. Right? Now, whether that's good law or bad law under Bloey, I think that's a different question. I want to set that aside for just a moment. As I was looking at this, it seems like what's really going on here is the judge is basically saying that he didn't have time to get it on his calendar. Right? It couldn't be tried. Is that true? No, Your Honor. I just think that he took 69 days to decide a motion that he should have taken 30 days to decide. Well, you know, and that's always the issue because you're supposed to do it in 30 days. Right? Anything within 30 days is excludable. If you don't make it in the 30 days, what happens in the last 39 days, the question that we've got, was that excludable time or not? Because it's no longer excludable just simply because of the statute itself. Right? Because it excludes only the first 30 days apparently on its face. That's the argument. Right? And so the issue is if we look at it, what's the reason that the 39 days runs that no decision is made by the judge? Right? And, of course, it's also a situation where neither party at the end of the 30 days asked the court to rule consistent with the statute. That's correct. Yeah. And the 39 days did not toll, again, because the court did not make findings. And so if the court had actually made a finding about the ends of justice and explained what end of justice was actually being fostered or advanced by the 39-day delay, then we could weigh that out. And at this point, the findings are inadequate, you say?  Would the remedy be to send it back and have the judge explain? No, I think the remedy would be dismissal. I think the 39 days put us over the Speedy Trial Act, and the remedy would be dismissal, and the judge could decide whether it's with or without prejudice.  Case says that the remedy is dismissal for a violation of the Speedy Trial Act, Your Honor. In this situation, where you run over the 30-day in H? I think just the general proposition that if you've gone over the 70 days... Oh, I would say the general proposition is what Judge Erickson said. Which is that you can make a... That since the parties didn't ask for an explanation, but they should have, and the court didn't do it, so it was fine. They will remand and get an explanation. I don't think that, as the defense attorney, I was under an obligation at the 30 days to ask him to make a decision. You're always under an obligation from an appeals standpoint to make your objections. I did make my objections, and I made a motion to dismiss once the 70 days had elapsed. I mean, at the end of the 30 days. I don't believe at the end of the 30 days... That at the end of the 30 days, I needed to make an objection and say, you need to decide this? Right. I'm not, I don't, I'm not sure that I did, Your Honor. I don't think that that means I sacrificed the issue. My time's up, Your Honor. I need to save my three minutes of rebuttal. The zero doesn't, that includes the three. Yeah, all right. Time's used up. We'll see about rebuttal. Ms. Rich. Good morning. May it please the Court, Counsel. The district courts did not clearly err here in finding that the ends of justice would be served by continuance to resolve the defendant's motions. How do we know that? Because he doesn't tell us what end of justice is being advanced. Well, as Judge Loken pointed out, there is context here that makes it clear. While the findings are sparse, the district court... Well, there are no findings. You say sparse. What he says is ends of justice goodbye. Well, he does note that he needs to resolve, the court needs to resolve the motion to suppress and the motion to dismiss. Right. And it appears that what he's saying is that he's got difficulty on his calendar, right? And we know that's not enough, right? Because the statute specifically says the press of business isn't something we can consider. Well, and the court doesn't note that there's any congestion. At that point, trial was scheduled to begin January 3rd. So the logistics of getting through an evidentiary hearing and the necessary briefing, a report and recommendation and a review from November 7th and still be able to start trial on January 3rd, was unlikely given the nature of the motions. All true, all of the things he could have said. The appellant argues that he had to say it and it's fatal not to. Why are they wrong? Well, this court has said that contemporaneous findings are not required. And so that wasn't made at the time. By the time that the defendant made the motion to dismiss based on the violation, there was a different district court judge reviewing that motion. And so to try to jump back in the mind of the judge who granted the ends of justice continuance. So we're left with nothing where Judge Erickson started? I mean... Actually, we're not. And here's why. The defendant also filed a motion to compel discovery on the same day that he filed his post-hearing briefing. There was no hearing on the motion to compel. And so the clock was also told by that under H1D. And there was a prompt disposition of that motion when it was decided on the same day as the motion to dismiss and motion to compel. Or excuse me, motion to suppress. And so the clock was told by the ends of justice continuance. But even if this court finds that those findings were not sufficient, the clock was still being properly told by having to resolve the defendant's motion to compel. If we disagree, what is the remedy here? The remedy here is not dismissal. This court has said that a showing of actual prejudice is required. This is the Arena-Saluna case. Actual prejudice is required if the government exercised reasonable diligence in pursuing the defendant. And here the government did so. Pretrial motions were filed as early as April 5th of 2022, almost a year and a half before trial even began. And so the government was reasonable in that it was actively pursuing pretrial motions and litigation. What's the case that established that proposition? U.S. v. Arena-Saluna, Your Honor, at page 778. And the defendant here hasn't established any prejudice. He vaguely mentions that there was two witnesses that couldn't be found and doesn't say anything further about that. And so here, when the Supreme Court has discussed the Speedy Trial Act, that the purpose is to try to force compliance by both the government, courts, defense counsel to actively pursue the cases, keep them moving. And here, dismissal would not have been appropriate because the government wasn't acting in a way to thwart that. And neither was the court when you look at the nature of the motions that needed to be resolved and the defendant's actions, which were slowing the process down in filing numerous continuances, filing a motion continue and then withdrawing it. That happened around the same time that he filed the motion for violation of Speedy Trial Act. You can see that in Judge Schreyer's order, you know, denying that in part because that complicates whole calendars when you file those motions and then start to withdraw them days later. And so the defendant was engaging in that sort of conduct. And I also note in the brief, filing the motion to compel and trying to tie it back to the appeal from the district court's decision on the motion to dismiss. And so dismissal certainly with prejudice would not have been the remedy here. Now, if we look at what was going on, we have a bunch of motions and withdrawals of motions and motions for continuance and withdrawals of motions for continuance. And if you look at those, that course of proceedings, is that sufficient to find the case unusually complex, unusual or complex under H7B2? I think so, Judge. And in addition to that, when you look at the nature of the motion to dismiss and the motion to suppress that was filed, which was sort of alternative motions, they were not standard car stop, you know, was there reasonable suspicion type, which we see frequently in these cases. This was about whether there was proper authority to sign up a confidential informant, a state informant. There were some federal officers involved. That person had to be brought back to testify at the evidentiary hearing. And so that was somewhat of a novel or unusual question in these cases. So when you combine that. So they're procedurally complex, factually unusual and legally complex and therefore it's going to fit. Agreed. Okay. So as I said, the motion to compel. One moment. Does it matter that some of these motions are pro se, some of them are brought by counsel and they're all kind of flying in at the same time? Well, it's really not, I think, in the context because when that's happening, you know, the United States doesn't always know either if, is there a motion to get rid of counsel pending, ex parte. That did happen here. Frequently we're waiting to hear if we're supposed to respond to a pro se motion. Did they have counsel at the time that was filed? And we have to wait for further direction from the court. And so that certainly does complicate it. Yeah. And this case is unusual in the sense that really there was being tag team lawyered and the judge was disposing of those motions kind of in due course eventually. That's correct. And then the defendant was combining the responses to some of them with that motion to compel and then appealing the decision even though the magistrate court was filing separate report and recommendations and orders. Then in the docket entries appealing from both but the titles didn't match. And so certainly when the district court is trying to rule on what's an objection, what's an appeal, and the United States is trying to respond, that complicates it for every step, every step of the way. And as Judge Loken pointed out, this ends of justice finding really isn't anything new in that the reason provided was to resolve these motions. The open ended feature is. It was certainly, I mean, it's been done before. And the district court used it because they have to take the trial date off the calendar somehow. And that was part of it here without knowing how long will it take to get through an evidentiary hearing and responsive briefing. And they can't know that at the time that they're, you know, making that finding. Is that customary in the District of South Dakota to take the cases off the calendar? I mean, because I know that different judges, different courts have different kind of customs in that regard. Like I always set a date just because I always figured that having a date out there compelled two things. First, me to rule. And two, for me to keep looking at it to make sure I didn't let the Speedy Trial Act run. But I know that in a lot of other districts the custom is just to say the motions are pending. The ends of justice require me to resolve what appears to be complex. And then they move on. And usually the magistrate judge or the judge makes his findings to that extent. It was not, the district court judge at the time who's since retired, that was one way he dealt with it. When the evidentiary hearing was going to be held in front of the magistrate judge. And so to resolve, you know, with the report and recommendations and briefing and all those steps. So when it was a situation where he was going to refer these motions back to the magistrate judge, he didn't set the trial date because it was complicated because he didn't know what the magistrate judge's calendar and schedule looked like. Correct. However, it did seem that there was some screening because if it was somewhat of a straightforward issue that was, you know, motion to suppress that wouldn't take a lot of time, then those findings, the ends of justice was not always entered. If it looked like the calendar date might be able to keep the trial date, it didn't always get entered. So with that, the United States would have to ask this Court to affirm. Thank you. I'll give you a minute to respond for rebuttal. In summary, I would just like to reiterate that the reasons for the continuance are required. I don't believe that you can go back and look at the record and find that there was implicit complexity or implicit anything. The statute says the Court must put their reasons why the continuance was granted on the record. That's all. Thank you. Thank you, counsel.